UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

v.

2016 Dodge Challenger SRT Hellcat
Coupe, VIN: 2C3CDZC93GH288008,

Defendant *in rem*.
_____/

Civil No.

Honorable

**UNDER SEAL**

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Cassandra Resposo, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(6).

2. The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 because this action is commenced by the United States of America as Plaintiff.

3. This Court has *in rem* jurisdiction over this forfeiture action, pursuant

to 28 U.S.C. § 1355(b)(1)(A) and (B), because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan and the property was found in the district.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b) because the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## DEFENDANT *IN REM*

6. The Defendant *in rem* is a 2016 Dodge Challenger SRT Hellcat, VIN: 2C3CDZC93GH288008 (hereinafter "Defendant Property"). Defendant Property was seized by the Drug Enforcement Administration (DEA) at a residence on Downing Street in Detroit, Michigan (Downing Residence) on or about August 2, 2022.

7. Defendant Property is in the custody of the United States Marshals Service.

8. Defendant Property is forfeitable to the United States of America because it constitutes a vehicle used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of

2

controlled substances; and/or as proceeds traceable to an exchange for a controlled substance and is therefore, subject to seizure and civil forfeiture pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(6).

## UNDERLYING CRIMINAL STATUTES

9. Title 21, U.S.C. § 841(a)(1) prohibits the manufacture, distribution, or dispensation, or possession with intent to manufacture, distribute, or dispense, a controlled substance.

10. Title 21, U.S.C. § 846 prohibits the attempt, or conspiracy to commit, *inter alia*, an offense under 21 U.S.C. § 841(a)(1).

## STATUTORY BASIS FOR CIVIL FORFEITURE

11. Title 21, United States Code, Section 881(a), governs the civil forfeiture of property which constitutes or is derived from the proceeds of narcotics crimes, or which was used to facilitate controlled substances offenses. It states, in part,

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> . . .
>
> (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9).

3

> . . .
>
> (6) All monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. §§ 881(a)(4) and (a)(6).

12. "[P]aragraph (1)", which is 21 U.S.C. § 881(a)(1) refers to "[a]ll controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of [Subchapter I of Chapter 13 of Title 21]." "[P]aragraph (2)", which is 21 U.S.C. § 881(a)(2), refers to "[a]ll raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance or listed chemical in violation of [Subchapter I of Chapter 13 of Title 21]." "[P]aragraph (9)", which is 21 U.S.C. § 881(a)(9), refers to "[a]ll listed chemicals, all drug manufacturing equipment, all tableting machines, all encapsulating machines, and all gelatin capsules, which have been imported, exported, manufactured, possessed, distributed, dispensed, acquired, or intended to be distributed, dispensed, acquired, imported, or exported, in violation of [Subchapters I or II of Chapter 13 of Title 21]."

## FACTUAL BASIS FOR CIVIL FORFEITURE

4

13. On or about August 2, 2022, pursuant to a federal search and seizure warrant executed at the Downing Residence, the DEA seized the Defendant Property. Also seized at the house were suspected cocaine, three firearms, and a black digital scale.

14. In a first-floor bedroom, officers found a baggie corner and a small amount of white/flakes.

15. A black scale in the cabinets on the staircase leading to the basement near the side door of the residence.

16. In the living room closet, officers located a rifle. In living room in the drawer of the end table, the officers found one empty clear zip lock type plastic baggie and one clear plastic zip lock type baggie containing two separate clear knotted sandwich bags. Both sandwich bags contained a white chunky substance that appeared to be consistent with the appearance of cocaine. The substances were tested by the DEA lab which confirmed the powder was approximately 30.5 grams of cocaine.

17. In the same drawer, next to the cocaine, officers found two sets of car keys. One set of keys belonged to the Defendant Property and the other to a 2018 Cadillac CT6.

18. In the garage, officers searched the Challenger and found a FedEx receipt that showed a 2.9-pound package was shipped from Taylor, MI, to Shirley

Mills, ME.

19. On or about August 10, 2022, Kyra Mixon contacted the DEA and claimed that she owned the Challenger. Although Mixon lived in Taylor, MI, she stated she parked her Challenger at the Downing Residence because her own garage is full. She further stated that she used the Challenger on the weekends and used a different vehicle for everyday use.

20. Mixon stated she is the only person who has keys to the Challenger. She also stated that she left an extra set of keys for emergencies at either the Downing Residence or her mother's house.

21. On August 11, 2022, Mixon again spoke with the DEA. She stated she paid the insurance for the Challenger online. She also stated that the Challenger was fully paid for and that she made lump sum-payments because she did not like having payments with Chase Bank.

## CLAIM

22. Plaintiff re-alleges and incorporates by reference each allegation contained in paragraphs 1-21.

23. Defendant Property is forfeitable to the United States pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(6) because it constitutes a vehicle used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property; and/or as proceeds traceable to an

6

exchange for a controlled substance.

## RELIEF

WHEREFORE Plaintiff, the United States of America, respectfully requests that a Warrant of Arrest for the Defendant Property be issued; that notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the Defendant Property be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

DAWN N. ISON
United States Attorney


/s Cassandra M. Resposo
CASSANDRA M. RESPOSO (IL 6302830)
U.S. Attorney's Office
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9736
Dated: August 16, 2023                Cassandra.Resposo@usdoj.gov

## **VERIFICATION**

I, James Drinkard, state that I am a Task Force Officer with the U.S. Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement officers.

_____
James Drinkard, Task Force Officer
Drug Enforcement Administration

Dated: August 16, 2023